**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHAUN FENSLER, ON HIS OWN**
**BEHALF AND OTHERS SIMILARLY**
**SITUATED,**

               **Plaintiffs,**

**-vs-**                                                                   **Case No. 6:07-cv-47-Orl-28DAB**

**SURFACE MANAGEMENT TURF**
**SERVICES, INC.,**

               **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 14)**
>
> **FILED:** **April 18, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    The District Judge referred this matter to this Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover

back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on April 27, 2007 with counsel for both parties attending by phone.

Plaintiff was employed by Defendant as a laborer paid hourly. Doc. No. 1. The extent of Plaintiff's overtime hours was disputed by both sides, with Plaintiff seeking payment for fifty hours of alleged overtime worked but paid as straight time; Plaintiff also asserted a claim for retaliation. *See* Doc. No. 16. The settlement to Plaintiff of $4,000 in unpaid wages and liquidated damages is more than the $1,142 to which Plaintiff would have been entitled if he had prevailed at trial, according to Defendant's payroll records, plus an equal amount of liquidated damages. Doc. No. 16. Plaintiff the remaining amount is for the release of Plaintiff's retaliation claim.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,500 in attorney's fees and costs, which is consistent with the amount of attorney's fees in similar FLSA cases.  The Court has previously found that a reasonable rate for FLSA work is approximately between $200 to $300 depending on the experience of the attorney; thus, for a $3,500 fee, approximately 10 to 17 hours spent on the case.  The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.  Defendant had no objection to the reasonableness of the fee, as counsel stated at the hearing.

Settlement in the amount of $4,000 to Plaintiff for unpaid wages and liquidated damages, and $3,500 for attorney's fees is a fair and reasonable settlement.  It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on April 26, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record